```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5|4|10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------X

SAMAAD BISHOP,

                        Plaintiff,

          - against -                          **MEMORANDUM AND ORDER**

HENRY MODELL & COMPANY d/b/a MODELL'S           08 Civ. 7541 (NRB)
SPORTING GOODS STORES, CITY OF NEW YORK,
et al.,

                        Defendant.
---------------------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

     On November 9, 2009, the Court dismissed the plaintiff's

six federal claims in a thirty-eight-page decision.   Bishop v.

Henry Modell & Co., No. 08 Civ. 7541(NRB), 2009 WL 3762119

(S.D.N.Y. Nov. 10, 2009).   Thereafter, the plaintiff filed a

motion for reconsideration.   That motion was denied on April 15,

2010 in a fourteen-page decision  Bishop v. Henry Modell & Co.,

No. 08 Civ. 7541(NRB), 2010 WL 1685958 (S.D.N.Y. Apr. 15, 2010).

     The plaintiff now requests to proceed *in forma pauperis* on

an appeal to the Second Circuit.   The application is denied.

**I.   Applicable Standard**

     A plaintiff may not take an appeal *in forma pauperis* if the

district court certifies that the appeal is not taken in good

faith.   28 U.S.C. § 1914; Fed. R. App. P. 24(a)(3)(A),

24(a)(4)(B).   As the Second Circuit has explained:

> Generally an application for leave to appeal *in forma pauperis* will have sufficient substance to warrant consideration only if, in addition to an adequate showing of indigence and of citizenship, it identifies with reasonable particularity the claimed errors which will be the basis for the appeal. If these requirements are satisfied, and if on consideration the trial judge is conscientiously convinced that there is no substantial question for review and that an appeal will be futile, or if he is convinced that there is no reasonable basis for the claims of alleged error, it is the duty of the trial judge, albeit not a pleasant duty, to certify that the appeal is not taken in good faith.

United States v. Farley, 238 F.2d 575, 576 (2d Cir. 1956) (internal citations and quotations omitted). "This threshold level for permitting persons to proceed *in forma pauperis* is not very great and doubts about the substantiality of the issues presented should normally be resolved in the applicant's favor." Miranda v. United States, 458 F.2d 1179, 1181 (2d Cir. 1972). Nevertheless, "good faith is judged by an objective standard, and if an appeal is frivolous it is not taken in good faith." Gomez v. United States, 371 F. Supp. 1178, 1179 (S.D.N.Y. 1974).

II. **Analysis**

The plaintiff brought this action because he was asked to show his receipt for a purchase made at Modell's Sporting Goods as he exited the store. The case was dismissed because five of the plaintiff's federal claims were barred by the relevant

2

statutes of limitations and, as to the sixth, he failed to state a claim. See Bishop, 2009 WL 3762119.

In opposing the defendants' motions to dismiss and in support of his subsequent motion for reconsideration, the plaintiff submitted approximately 112 pages of briefing. See Bishop, 2010 WL 1685958 at *5. That briefing substantially exceeded the quality of typical pro se submissions, but as we have explained in detail, there is ultimately no merit to the plaintiff's claims. The fact that we have written so extensively should not be read to suggest otherwise.

Indeed, the Court has devoted considerable work to this litigation largely because the plaintiff has frequently and strategically changed his factual and legal claims to prevail on what the Court views as a frivolous case. If the plaintiff's motion for reconsideration is any guide, the plaintiff plans to take much the same approach in his appeal, by arguing that this Court misapprehended his arguments when, in fact, the plaintiff has "take[n] carefully-crafted and often-shifting positions based on what appears to be expedient at any given moment." Id. at *1.

Despite this gamesmanship, the Court has thoroughly and carefully considered the plaintiff's arguments and concluded that the case must be dismissed. Under these circumstances -- where there has been lengthy briefing and opinions on numerous

motions but where the plaintiff nevertheless proceeds despite the absence of any merit to his case -- we do not see any basis for an appeal.

Accordingly, the plaintiff's request to proceed *in forma pauperis* is denied.  To the extent the plaintiff may have been allowed to proceed *in forma pauperis* on his appeal because he was granted such status for the purposes of appearing before the district court, see Fed. R. App. P. 24(a)(3)(A), we hereby certify that the appeal is not taken in good faith and that the plaintiff is therefore not entitled to proceed *in forma pauperis*.

Dated:     New York, New York
           May 4, 2010

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

4

5

Copies of the foregoing Order have been mailed on this date to the following:

**Plaintiff**
Samaad Bishop
P.O. Box 778
New York, NY 10116

**Attorney for the Modell's Defendants**
Joanna M. Topping, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10604

**Attorney for the Centurion Defendants**
Deborah M. Zawadzki, Esq.
Jonathan B. Bruno, Esq.
Kaufman Borgest & Ryan LLP
120 Broadway
14th floor
New York, NY 10271

**Attorney for the City of New York**
Philip R. DePaul
Office of the Corporation Counsel
City of New York
Law Department
100 Church Street
New York, NY 10007